NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Andrew Brown, | : | |
| | : | Civ. No. 15-7734(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| United States of America, | : | |
| Jane and John Doe, | : | |
| Dr. Ruben Morales, Marilyn Angud, | : | |
| Maria Martinez, Satish Limbekar, | : | |
| J.T. Shartle, J.L. Norwood, | : | |
| Harrell Watts | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge:

Plaintiff is a prisoner incarcerated in the Federal Correctional Facility in Fairton, New Jersey ("FCI-Fairton"). He brought this civil action under 42 U.S.C. § 1983, and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. on October 27, 2015. (Compl., ECF No. 1.) Plaintiff seeks to proceed in forma pauperis ("IFP"), and requests appointment of pro bono counsel. (ECF No. 1-2 and 1-3.)

Plaintiff has established that he is unable to prepay the filing fee for a civil action, and the Court will grant his IFP application. When a prisoner is granted IFP status, he must pay

1

the $350.00 filing fee in installments, as set forth in 28

U.S.C. § 1915(b). Additionally, the Court is required to review

the Complaint and dismiss the case if it is frivolous or

malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is

immune from such relief. Id. § 1915(e)(2)(B). Having screened

the complaint, Plaintiff's FTCA claim may proceed, and

Plaintiff's Bivens claims will be dismissed.

I.    BACKGROUND

In his Complaint, Plaintiff alleges he was diagnosed with a

hernia by medical staff at FCI-Fairton on January 29, 2013. (ECF

No. 1 at 14.) The medical records attached to the Complaint[1]

indicate that Plaintiff was diagnosed with a small hernia that

was "reducible" and nontender. (ECF No. 1-1 at 19.) He was

treated with a hernia belt. (Id. at 20.) In April 2013,

Plaintiff insisted on surgery, and medical staff member Marilyn

Angud told him that surgery was elective and would be

"prioritized based on presentation." (Id. at 23.) They would

monitor him on a regular basis. (Id.)

---

[1] In deciding whether to dismiss a complaint for failure to state
a claim upon which relief may be granted, a court should
consider only the allegations in the complaint, exhibits
attached to the complaint, and matters of public record. Pension
Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d
1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994)
(citations omitted).

Plaintiff was shown how to use his hernia support with prescribed exercises, and he was given a restriction on non-weight bearing. (Id.) The next month, medical staff member Maria Martinez entered a general surgery consultation request for Plaintiff. (Id. at 27-28.) In June 2013, when Plaintiff continued to complain of hernia pain with no relief, he was prescribed Naproxen. (Id. at 24-25.)

On July 29, 2013, Dr. Ruben Morales performed a surgical evaluation for Plaintiff. (Id. at 28.) He wrote in the medical record, "left inguinal hernia is small, easily reducible and no report that the condition has interfered with his activities of daily living. Will reevaluate condition in 6 months." (Id.) Dr. Morales concluded that "surgical repair does not need to be done right away." (Id.) He noted that Plaintiff's case was discussed by the Utilization Review Committee ("URC"). (Id.)

On September 20, 2013, Plaintiff's hernia measured at 8cm by 4cm, and he complained his pain was off and on. (Id. at 29-30.) Approximately one month later, medical staff member Maria Martinez noted the Clinical Director, Dr. Morales, recommended a surgical consultation for Plaintiff. (Id. at 32.)

On January 15, 2014, Plaintiff asked medical staff member Satish Limbekar whether his surgery had been approved. (Id. at 33-34.) Limbekar advised that surgery was approved by the

"regional reviewer" and was "pending scheduling." (Id. at 34.)
Plaintiff was treated with pain medication. (Id. at 33.)

Plaintiff saw an outside surgeon on May 8, 2014, and the
surgeon recommended elective hernia repair. (Id. at 41.) The
surgery was performed on October 3, 2014. (Id. at 49.)

Plaintiff alleges his hernia increased in size until it was
the size of a goose egg. (Compl., ECF No. 1 at 14.) Due to delay
in surgery, Plaintiff suffered unnecessary pain, embarrassment,
and weight gain. (Id. at 15-16.) Dr. Morales told Plaintiff the
delay was due to the costs of surgery, and "his hands were
tied." (Id. at 16.) According to Plaintiff, medical staff
blocked his access to an outside doctor. (Id. at 17.) Plaintiff
constantly complained to medical staff and filed grievances, to
no avail. (Id. at 15.)

Plaintiff alleged the following Defendants are familiar
with his medical records and treated only the symptoms of his
medical condition, rather than the underlying condition, which
caused him to suffer pain and embarrassment, and subjected him
to the possibility of death from delayed treatment of inguinal
hernia: Marilyn Angud, Health Service Administrator at FCI
Fairton; Satish Limbekar, MLP[2]; Maria Martinez, PA;[3] John and
Jane Does, URC.[4] (Id. at 10-12.)

---

[2] The Court assumes "MLP" stands for Mid-level practitioner. See
e.g. Bramson v. Sulayman, 251 F. App'x 84 (3d Cir. 2007).

Plaintiff also sued Warden J.T. Shartle, Regional Director J.L. Norwood, and Central Office Administrator Harrell Watts for "rubber-stamping" the medical claims in his grievances against medical staff. (Id. at 12-13.) Plaintiff exhausted his administrative remedies under the Federal Tort Claims Act. (ECF No. 1-1 at 2.) He also appears to have exhausted his administrative remedies under the Prisoner Litigation Reform Act. (Id. at 4.) See Small v. Camden County, 728 F.3d 265, 268-69 (3d Cir. 2013) (describing PLRA exhaustion requirement under 42 U.S.C. § 1997e(a)). Plaintiff sued the individual defendants in their individual capacities, and he seeks money damages (ECF No. 1 at 8, 18.)

## II. DISCUSSION

### A. Standard of Review

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim

---

[3] The Court assumes "PA" stands for Physician Assistant. See e.g. Murchison v. Warden Lewisburg, USP, 542 F. App'x 93 (3d Cir. 2011).

[4] "URC" stands for Utilization Review Committee. (ECF No. 1 at 8.)

has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Id.

(quoting Twombly, 550 U.S. at 556.)

   "[A] court must accept as true all of the allegations

contained in a complaint." Id. A court need not accept legal

conclusions as true. Id. Legal conclusions, together with

threadbare recitals of the elements of a cause of action, do not

suffice to state a claim. Id. Thus, "a court considering a

motion to dismiss can choose to begin by identifying pleadings

that, because they are no more than conclusions, are not

entitled to the assumption of truth." Id. at 679. "While legal

conclusions can provide the framework of a complaint, they must

be supported by factual allegations." Id. If a complaint can be

remedied by an amendment, a district court may not dismiss the

complaint with prejudice, but must permit the amendment. Grayson

v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

   **B.   FTCA Claim**

> An action shall not be instituted upon a
> claim against the United States for money
> damages for . . . personal injury . . .
> caused by the negligen[ce] . . . of any
> employee of the Government while acting
> within the scope of his . . . employment,
> unless the claimant shall have first
> presented the claim to the appropriate
> Federal agency and his claim shall have been
> finally denied by the agency in writing and
> sent by certified or registered mail.

26 U.S.C. § 2675(a). Plaintiff attached to his Complaint the BOP's written denial of his tort claim where he alleged negligent medical care while incarcerated in FCI-Fairton, beginning in January 2013 through October 2014. (ECF No. 1-1 at 2.) Therefore, Plaintiff exhausted his FTCA claim, and it will be allowed to proceed.

   **C.   Bivens Claims**

   The U.S. Supreme Court, in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) recognized a private cause of action to recover damages against federal actors for constitutional violations. A Bivens claim is the federal counterpart to an action under 42 U.S.C. § 1983, and courts apply the same legal principles. See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001.) The elements of a Bivens claim are that the defendant, acting under color of Federal law, deprived Plaintiff of a right secured by the Constitution or laws of the United States. Id.


   **D.   Eighth Amendment Claims**

   Plaintiff alleges violation of his Eighth Amendment right against cruel and unusual punishment. To state an inadequate medical care claim under the Eighth Amendment, an inmate must

allege facts showing the defendant's conduct constituted

"unnecessary and wanton infliction of pain" or that the

defendant was deliberately indifferent to the inmate's serious

medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "A

medical need is "serious," in satisfaction of the second prong

of the Estelle test, if it is "one that has been diagnosed by a

physician as requiring treatment or one that is so obvious that

a lay person would easily recognize the necessity for a doctor's

attention." Monmouth County Corr. Inst. Inmates v. Lanzaro, 834

F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479

F.Supp. 456, 458 (D.N.J. 1979), aff'd, 649 F.2d 860 (3d Cir.

1981)). Denial of or delay in treatment that causes unnecessary

and wanton infliction of pain may also constitute a serious

medical need. Id. (citing Estelle, 429 U.S. at 103).

An allegation of medical malpractice or simple negligence

does not rise to the level of a constitutional violation.

Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004).

Disagreement as to the proper medical treatment is also

insufficient to state a constitutional violation. Id. (citing

Lanzaro, 834 F.2d at 346 (3d Cir. 1987) (citations omitted);

White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990)).

Deliberate indifference against a particular defendant may

exist under a variety of situations. Durmer v. O'Carroll, 991

F.2d 64, 68 (3d Cir. 1993). Deliberate indifference exits where

8

"'knowledge of the need for medical care [is accompanied by the]
. . . intentional refusal to provide that care'" or where
"[s]hort of absolute denial . . . 'necessary medical treatment
[i]s ... delayed for non-medical reasons,' " or where "'prison
authorities prevent an inmate from receiving recommended
treatment.'" Id. (quoting Lanzaro, 834 F.2d at 346) (citations
omitted).

### 1.    Claims against prison administrators

Plaintiff had a serious medical need because he was
diagnosed with a hernia. See e.g. Williams v. Pennsylvania, 289
F. App'x 483, 485 (3d. Cir. 2008) (finding the plaintiff
suffered a serious injury of hernia but he failed to establish
defendant was deliberately indifferent). "Correctional
defendant-administrators who are not themselves physicians
cannot 'be considered deliberately indifferent simply because
they failed to respond directly to the medical complaints of a
prisoner who was already being treated by the prison doctor.'"
Davis v. Norwood, 614 F. App'x 602, 605 (3d Cir. 2015) (per
curiam) (quoting Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir.
1993)). "If the non-medical prison official has no actual
knowledge that prison doctors are mistreating a prisoner, he or
she 'will not be chargeable with the Eighth Amendment scienter
requirement of deliberate indifference.'" Id. (quoting Spruill
v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)).

Browns' allegations that the Warden and BOP Administrators denied his grievances when he complained that he needed surgery for his painful hernia are insufficient to show deliberate indifference. According to the medical records attached to the Complaint, Plaintiff received ongoing monitoring of his condition, treatment with a hernia belt, exercises, and pain medication. There is nothing in the Complaint or the attached medical records that suggest the prison administrators were deliberately indifferent. The prison administrators were entitled to rely on the medical professionals' sound judgment in recommending treatment. Amendment of the complaint to state a claim against these defendants would be futile. Therefore, the Bivens claims against Defendants Shartle, Norwood and Watts will be dismissed with prejudice.

### 2.   Claims against URC members

Plaintiff does not allege that the URC members delayed his hernia surgery for non-medical reasons. Documents Plaintiff attached to the Complaint indicate that the URC referred Plaintiff to the Clinical Director, Dr. Ruben Morales, for an initial surgical consultation on March 14, 2013. (ECF No. 1-1 at 50.) The next month, Dr. Morales performed the consultation and recommended deferring surgery. (Id. at 51.) The URC ordered another medical review on July 26, 2013. (Id. at 52.) In December 2013, the URC submitted a request to the Regional

10

Reviewer for Plaintiff to have surgical hernia repair. (Id. at 53.)

The Regional Reviewer approved a medical consultation for hernia repair on December 30, 2013. (Id. at 54.) The local URC approved surgical consultation on August 8, 2014. (Id. at 55.) Nothing in the complaint suggests deliberate indifference to Plaintiff's need for treatment of his hernia by any URC member. See Blaise v. Ebbert, Civil No. 3:12-CV-2298, 2015 WL 1400878, at *7 (M.D. Pa. Mar. 26, 2015) (URC members did not make decision to deny surgery request.) The claims against John and Jane Doe URC members will be dismissed with prejudice because amendment of the Complaint against non-treating URC members for deliberate indifference is futile.

### 3. Claims against Dr. Ruben Morales

Plaintiff alleged Dr. Morales deferred Plaintiff's hernia surgery based on the cost, rather than on medical need. Although a physician may be deliberately indifferent to a prisoner's serious medical need if he denies or delays treatment for a non-medical reason, the medical records Plaintiff attached to his Complaint suggest otherwise. When Dr. Morales evaluated Plaintiff for hernia surgery on July 29, 2013, he did not recommend surgery because he found "left inguinal hernia is small, easily reducible and no report that the condition has

interfered with his activities of daily living. Will reevaluate condition in 6 months." (ECF No. 1-1 at 28.)

Less than six months later, when Plaintiff continued to complain of hernia pain, Dr. Morales recommended a surgical consultation. (Id. at 32.) And when the request for outside surgical evaluation was approved and the surgeon recommended elective hernia repair, Dr. Morales agreed.

Plaintiff's Complaint does not plausibly allege Dr. Morales was deliberately indifferent to Plaintiff's need for surgical hernia repair. At best, Plaintiff disagreed with Dr. Morales' opinion, in July 2013, that surgery could be deferred because Plaintiff's hernia was small and "easily reducible." See Winslow v. Prison Health Services, 406 F. App'x 671, 674 (3d Cir. 2011) ("the naked assertion that Defendants considered cost in treating Winslow's hernia does not suffice to state a claim for deliberate indifference, as prisoners do not have a constitutional right to limitless medical care, free of the cost constraints under which law-abiding citizens receive treatment") (citing Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997) ("[T]he deliberate indifference standard of Estelle does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society.") The Court will dismiss the Bivens claim against Dr. Morales without prejudice, allowing

12

Plaintiff to amend his claim if he can plead additional facts to establish deliberate indifference by failing to recommend surgery earlier.

### 4.    Claims against Angud, Martinez and Limbekar

Plaintiff's deliberate indifference claims against Angud, Martinez and Limbekar are also deficient. Plaintiff alleges only that they should have provided surgery rather than treatment of his symptoms. Disagreement with medical treatment does not rise to a level of deliberate indifference. Winslow, 406 F. App'x at 674; Reed v. Cameron, 380 F. App'x 160, 162 (3d Cir. 2010) ("dissatisfaction with prison medical care is not sufficient to allege a violation of the Eighth Amendment") (citing Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987)).  Therefore, Plaintiff's Bivens claims against Angud, Martinez and Limbekar will be dismissed without prejudice. Plaintiff may amend his claim against any of these treatment providers, if he can plead additional facts to establish deliberate indifference by failing to recommend surgery earlier.

### E.    Application for Pro Bono Counsel

There is no statutory or constitutional right to counsel in a civil action. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, a court has discretion, under 28 U.S.C. § 1915(e), to request counsel to represent a party. Id. at 457. If

13

a court determines that a plaintiff's claim has some merit, the court should consider the following factors in determining whether to request pro bono counsel: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf. Id. (quoting Tabron v. Grace, 6 F.3d 147, 155-56, 57, n.5 (3d Cir. 1993)).

Plaintiff's claim under the Federal Tort Claims Act has some merit. Plaintiff's complaint and his exhaustion of administrative remedies show that he has an adequate ability to represent himself at this early stage of the litigation. The issues here are not factually or legally complex, the issue is whether Plaintiff should have been provided surgery for his hernia sooner. Plaintiff has already obtained copies of his medical records. The Court will deny Plaintiff's request for appointment of counsel without prejudice. As the case progresses, if it becomes apparent that counsel is needed, Plaintiff may renew his request.

**III. CONCLUSION**

14

In the accompanying Order filed herewith, the Court will grant Plaintiff's IFP application; dismiss the <u>Bivens</u> claims against John and Jane Doe, J.T. Shartle, J.L. Norwood and Harrell Watts with prejudice; dismiss the <u>Bivens</u> claims against Dr. Morales, Marilyn Angud, Maria Martinez and Satish Limbekar without prejudice; and allow the FTCA claim to proceed against the United States of America. The Court will deny Plaintiff's application for pro bono counsel without prejudice.

<u>s/Renée Marie Bumb</u>
**Renée Marie Bumb**
**UNITED STATES DISTRICT JUDGE**

Dated: <u>November 24, 2015</u>